This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

**v.**                                  **No. 33,684**

**JULIAN JACQUEZ,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**William C. Birdsall, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**FRY, Judge.**

{1}    Defendant pled no contest to auto burglary, reserving the right to appeal the denial of his motion to suppress. We previously issued a notice of proposed summary

disposition in which we proposed to affirm. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

{2}     Because the pertinent background information and applicable principles were previously set out in the notice of proposed summary disposition, we will avoid unnecessary repetition here, and instead focus on the content of the memorandum in opposition.

{3}     Defendant has raised a single issue, contending that a statement he made to police should have been suppressed on grounds that he did not knowingly, intelligently, and voluntarily waive his constitutional rights under *Miranda*. [MIO 6] Specifically, Defendant continues to assert that his waiver was not voluntary because he was coerced with promises of leniency. [MIO 7-8] However, as we previously observed in the notice of proposed summary disposition, Detective Whitaker specifically testified that he did not promise Defendant anything. [MIO 7-8; RP 46, 48] Although Defendant testified otherwise, [MIO 4, 7] the district court, as finder of fact, was at liberty to reject Defendant's assertion and to resolve the evidentiary conflict in the State's favor. *See generally State v. Fierro*, 2014-NMCA-004, ¶ 40, 315 P.3d 319 ("We emphasize that the finder of fact, not an appellate court, must reconcile any conflicts in the evidence and determine where truth and credibility lies. The fact finder can choose to believe the [s]tate's testimony and disbelieve [the d]efendant's

version of events."). Defendant also renews his assertion that his waiver was not knowing and intelligent, insofar as he was under the influence of methamphetamines. [MIO 8-10] As we previously observed, the district court heard the testimony of Detective Whitaker, who indicated that Defendant seemed okay cognitively, was responding properly to questions, he appeared to understand the form and seemed familiar with the process. [MIO 2] Detective Whitaker further testified that although Defendant might have been experiencing withdrawal, he observed no indication that Defendant was under the influence of drugs at the time of the interview. [MIO 3] This evidence supplies adequate support for the district court's determination that the statement was knowingly and intelligently made. *See, e.g., State v. Evans*, 2009-NMSC-027, ¶¶ 35-39, 146 N.M. 319, 210 P.3d 216 (rejecting a claim that a confession should have been suppressed in light of the defendant's alleged methamphetamine use, despite the "disjointed and rambling quality" to some of the defendant's "long and, at times, nonsensical responses," where the district court "viewed with skepticism [the d]efendant's claims" and after a full hearing, where there was "no indication in the record that the law enforcement officers who interrogated [the d]efendant were aware of his purportedly vulnerable mental state," and where the district court ultimately determined after a full evidentiary hearing that the defendant "was in full control of his faculties" when the interviews took place

3

(internal quotation marks omitted)). Although Defendant continues to assert that the conflicting evidence and inferences would support a different result, [MIO 3-4, 9] on appeal we are not at liberty to re-weigh the evidence. *See generally State v. Neal,* 2007-NMSC-043, ¶ 15, 142 N.M. 176, 164 P.3d 57 (observing, with respect to suppression orders, that on appeal "we do not sit as trier of fact, recognizing that the district court has the best vantage from which to resolve questions of fact and to evaluate witness credibility . . . [t]herefore, we review the facts in the light most favorable to the prevailing party, deferring to the district court's factual findings so long as substantial evidence exists to support those findings"). We therefore reject Defendant's argument.

{4}     Accordingly, for the reasons stated in our notice of proposed summary disposition and above, we affirm.

{5}     **IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Judge**

**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**

4

_____

**LINDA M. VANZI, Judge**